UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AMY C. MASON,<br>      Plaintiff,<br><br>v.<br><br>JUDGE RANDALL BLOW, *et al.*,<br>      Defendants. | Civil Action No. 2:20cv501 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court pursuant to the Court's statutory obligation under 28 U.S.C. § 1915(e)(2) to screen complaints filed by litigants who are proceeding *in forma pauperis*.[1] For the reasons set forth below, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**I. PLAINTIFF'S INITIAL COMPLAINT**

On October 7, 2020, Plaintiff Amy C. Mason ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. In an Order to Show Cause dated November 24, 2020, the Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint. Order Show Cause at 1, ECF No. 2. However, the Court determined that Plaintiff's Complaint "suffer[ed] from defects that must be addressed before this action may proceed." *Id*.

---

[1] As explained herein, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss a case at any time if it determines that "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Plaintiff's Complaint was difficult to decipher; however, it appeared that Plaintiff claimed that certain actions taken by several individuals and entities ultimately caused Plaintiff to lose custody of her children. Compl. at 1-36, ECF No. 3. Plaintiff's Complaint identified 32 named Defendants, including: a state court judge, social workers, police officers, a police department, Child Protective Services, psychologists, attorneys, school guidance counselors, and others. *Id*. Plaintiff sought to assert claims against these individuals and entities pursuant to 42 U.S.C § 1983. *Id*. at 3.

In its November 24, 2020 Order to Show Cause, the Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to screen the operative complaint to determine, among other things, whether it states a claim on which relief may be granted. Order Show Cause at 2 (citing 28 U.S.C. § 1915(e)(2)). The Court further explained that if the operative complaint fails to state a claim for relief that is plausible on its face, the Court is required to dismiss the action. *Id*. (citing 28 U.S.C. § 1915(e)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon review of Plaintiff's Complaint, the Court determined that dismissal of Plaintiff's Complaint was warranted under 28 U.S.C. § 1915(e)(2). *Id*. The Court explained the basis for its determination as follows:

> Plaintiff asserts claims in this action pursuant to 42 U.S.C § 1983. Compl. at 3. Section 1983 does not explicitly provide its own statute of limitations; however, courts borrow the personal injury statute of limitations from the relevant state and apply it to § 1983 claims. *Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 476 (E.D. Va. 1999). Accordingly, Plaintiff's § 1983 claims are subject to Virginia's two-year statute of limitations for personal injury claims. *See* Va. Code § 8.01-243(A).
>
> According to the allegations of Plaintiff's Complaint, it appears that the events upon which Plaintiff bases her § 1983 claims allegedly occurred in October 2014. *See* Compl. at 20, 24-25, 27-30 (referring to "temporary custodian hearings on October 21, 2014," a "[r]obbery on the night of October 2014," a "fabricated . . . [p]olice [r]eport about that night in October 2014," Plaintiff's admission to a "psych center"

in October 2014, and other alleged wrongdoings "during the October 10-12, 2014 time period"). Because Plaintiff did not initiate this lawsuit until October 7, 2020, Plaintiff's § 1983 claims appear to be time-barred.

*Id.*[2]

Although the Court determined that dismissal of Plaintiff's Complaint was warranted under 28 U.S.C. § 1915(e)(2), the Court, in deference to Plaintiff's *pro se* status, chose not to immediately dismiss this action. *Id*. at 2-3. Instead, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id*. The Court stated:

> Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. The Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must: (i) be clearly labeled as Plaintiff's Amended Complaint; (ii) clearly identify all Defendants against whom Plaintiff intends to assert claims; (iii) clearly identify the specific claims asserted against each Defendant; (iv) clearly set forth all factual allegations to support each identified claim against each Defendant; and (v) attach any relevant exhibits to support the identified claims. Plaintiff must clearly explain who took what action, when the action occurred, and why the action was wrongful.

*Id*. The Court warned Plaintiff that this action would be dismissed if she failed to comply with the terms of the Order to Show Cause. *Id*. at 3.

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff timely filed an Amended Complaint. Am. Compl., ECF No. 4. In her Amended Complaint, Plaintiff continues to assert § 1983 claims against several individuals and entities,[3] and continues to allege that certain actions of the individuals and entities caused Plaintiff

---

[2] The Court also noted in its Order to Show Cause that Plaintiff's Complaint did not comply with the federal pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Order Show Cause at 2 n.2, ECF No. 2 (citing Fed. R. Civ. P. 8).

[3] Plaintiff's initial Complaint identified 32 named Defendants, whereas Plaintiff's Amended Complaint identifies 15 named Defendants. *See* Compl. at 2-3, 7-13, ECF No. 3; Am. Compl. at 2-3, 39-43, ECF No. 4. All Defendants who were named in the initial Complaint, but were omitted from the Amended Complaint, have been terminated as Defendants on the docket of this matter.

3

to lose custody of her children. *Id*. at 1-43. In the "Statement of Claim" section of her Amended Complaint, Plaintiff is asked: "What date and approximate time did the events giving rise to your claim(s) occur?" *Id*. at 4. In response, Plaintiff generally states that the events occurred "[i]n Judge Blow's Virginia Beach Courtroom." *Id*. at 27. Notably, Plaintiff attached two custody-related orders from the Virginia Beach Juvenile and Domestic Relations Court as exhibits to her Amended Complaint, both of which were issued in October 2014. *See* Preliminary Removal Order, ECF No. 4-1, at 1-2; Emergency Removal Order, ECF No. 4-1, at 4-5.

Plaintiff admits that "some events did happen in October 2014," but suggests that the applicable statute of limitations should be extended because she still "does not have her children." Am. Compl. at 27. Additionally, Plaintiff alleges that she has become disabled as a result of the "trauma of leaving her children behind" in 2014, and suggests that the statute of limitations should be altered as a result of her disability. *Id*.

As the Court previously explained, Plaintiff's § 1983 claims are subject to Virginia's two-year statute of limitations for personal injury claims. Order Show Cause at 2 (citing *Demuren*, 33 F. Supp. 2d at 476; Va. Code § 8.01-243(A)). Here, it is clear that the events upon which Plaintiff bases her § 1983 claims allegedly occurred in or around October 2014, when Plaintiff lost custody of her children. Am. Compl. at 1-43; Preliminary Removal Order at 1-2; Emergency Removal Order at 1-2. However, Plaintiff did not initiate this action until October 2020, long after the expiration of the two-year statute of limitations for § 1983 claims. IFP Appl., ECF No. 1. Although Plaintiff suggests that the applicable statute of limitations should be extended, the Court finds that Plaintiff has not provided an adequate basis to do so. Therefore, the Court finds that Plaintiff's § 1983 claims are time-barred, and as a result, Plaintiff's Amended Complaint fails to state a claim against any named Defendant on which relief may be granted.

### III. THE COURT'S SCREENING OBLIGATION UNDER 28 U.S.C. § 1915(e)(2)

As previously explained to Plaintiff, the Court is required to dismiss a case at any time under 28 U.S.C. § 1915(e)(2) if it "determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Because the Court hereby determines that Plaintiff's Amended Complaint, like her initial Complaint, fails to state a claim on which relief may be granted, the Court is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court has already afforded an opportunity to amend," the United States Court of Appeals for the Fourth Circuit has found that "the district court has the discretion to afford another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019) (citing *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018); *Knox v. Plowden*, 724 F. App'x 263 (4th Cir. 2018); *Mitchell v. Unknown*, 730 F. App'x 171 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by*, 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

Here, the Court has already provided Plaintiff with an opportunity to amend her initial Complaint in this action. However, Plaintiff's Amended Complaint, like her initial Complaint, does not adequately state a claim on which relief may be granted. Thus, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## IV. CONCLUSION

For the reasons set forth above, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
September 15, 2021